ARNOLD BAXTER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed June 8, 1914.

1. In larceny, the ownership of a cow is not sufficiently proven by the fact that the alleged owner bought recently all the stock of a herd bearing that mark and brand, the cow not being identified otherwise.

2. When the State relies for conviction upon the finding of property upon premises owned by the accused, he is entitled to a charge upon a showing that his occupation was not exclusive.

Writ of Error to Circuit Court for Seminole County; J. W. Perkins, Judge.

Judgment reversed.

*Davis & Giles,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Arnold Baxter was sentenced to a term of five years in the State Penitentiary, upon conviction of stealing a cow, the property of one Jesse Bumby.

We think the State failed in that question of proof required in criminal cases to prove the ownership of the cow as laid down in the indictment.

The proof is that the hide of a cow about four or five years old was found, that had been concealed on premises owned by Baxter, and that the hide bore a certain mark and brand, and further that something less than a year theretofore Bumby had bought all the stock of cattle bearing that mark and brand, consisting of a herd estimated at two hundred and fifty to three hundred

head. Bumby had not himself sold or authorized the sale of any of that stock.

Bumby testified positively that he had never seen the cow to know it. The State did not follow up the testimony of Bumby in an effort to show that the former comparatively recent owner of the mark and brand had not disposed of this particular cow, nor that the marking and branding had been so recent as to make it reasonably certain that this cow was among those then sold to Bumby. A space of several years is wholly unaccounted for, without identification of this particular cow.

We realize that the State may, in this class of cases, experience some difficulty in the proof of ownership, but surely we should not be expected to uphold a conviction of so serious consequences, upon so slender a thread.

We are further of the opinion that the defense was entitled to a proper charge from the court to the effect that the jury in weighing the circumstantial evidence upon which the State relies, might take into consideration that others than the defendant had access to the premises upon which the hide was found.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.